# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE MAURICE NAPPIER, | ) | CASE NO. 1:06CV 2639 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Pierre Maurice Nappier's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF #1.)

## I.

On August 26, 2004, following his conviction for violation 18 U.S.C. §922(g)(2) Felon in Possession of a Firearm, Petitioner was sentenced to a 41-month sentence of incarceration. Petitioner appealed his conviction to the Sixth Circuit Court of Appeals (case number 04-4104), and that conviction was affirmed on November 28, 2005.  The Petitioner now claims that he received ineffective assistance of counsel in violation of his Sixth Amendment Right.  This issue was not raised in his direct appeal.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.  In order to obtain relief under § 2255, a petitioner who

entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted).  If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion.  *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### III.

Petitioner raises a single claim in his Motion: ineffective assistance of counsel.  Specifically, Petitioner claims that his counsel misinformed him of his criminal category, leading him to believe that he faced a sentence of 37-46 months if he accepted a plea offer made by the government.  In actuality, his sentencing range under the proffered plead agreement would have been 30-37 months.  According to the Petitioner, had he known the correct sentencing range he would have faced under the plead agreement, he would have taken the plea and not gone to trial.

The Petitioner's claims for ineffective assistance of counsel unsubstantiated.  In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.*  Judicial

scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

The Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel.  The trial transcript makes clear that  Mr. Nappier was fully informed of his options before the trial began.  Mr. Nappier had the benefit of having received a pre-sentence report prior to trial and that the report identified him as having a criminal history category of three.  Further, before the introduction of evidence at trial, the government put on record its last plea offer, and indicated its willingness to continue discussions.

> MR. SCHMITZ: Your honor, we are always amenable to discussion. ... the Government did extend to the defendant through his counsel a written plea offer under which the Government agreed basically to bring this defendant to an adjusted offense level of 20, which could be reduced three additional levels for acceptance of responsibility, for a final total offense level of 17.
>
> I think the plea offer was tendered, Your Honor, after a pre-sentence report had been prepared, and I believe the defendant's criminal history as reflected in that pre-sentence report was three, so the Government's offer, Your Honor, prior to the rejection of that offer would have put the defendant in a range of 27 to 33 months.
>
> THE DEFENDANT: 30-37
>
> MR. SCHMITZ: 30 to 37?  I'm sorry, Your Honor, 30 to 37 months.  And that offer was rejected by Mr. Nappier, as I understand it.
>
> THE COURT:   And what would be the result in the event Mr. Nappier was convicted in this case?

3

    MR. SCHMITZ: In the event that he were convicted, he would lose the benefit of the three levels off for acceptance, Your Honor, taking him to at least a range of 41 to 51 months.

    THE COURT: Okay.  Is that your understanding, Mr. Jenkins?

    MR. JENKINS: Yes, Your Honor.

    THE COURT:   And that proposal was rejected?

    MR. JENKINS: Yes, Judge.

    THE COURT: Thank you.

(Trial Transcript, Vol. I, at 4-6).

  The Petitioner claims that the transcript is in error, and that it was his attorney, Mr. Jenkins, and not himself, who corrected Mr. Schmitz with regard to the appropriate sentencing range under the plea offer.  Even if this is true, it makes no difference with regard to this petition.  The transcript clearly indicates that prior to the start of trial, Mr. Nappier was fully informed of his criminal history category, and the sentencing range that would apply under the plea offer presented by the government.  Nonetheless, Mr. Nappier refused the plea offer and chose to go to trial, whereupon he was convicted by a jury and sentenced to the low range of the applicable sentencing guidelines.

**IV.**

  Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.  Furthermore, the Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                          s/Donald C. Nugent
                                          DONALD C. NUGENT
                                          United States District Judge

DATED:  February 22, 2007